MURFF LAW OFFICES
Jesse P. Murff (12371)
Attorney for Debtor(s)
11075 South State Street, Suite 5B
Sandy, Utah 84070
Tel: 801-657-5040
Fax: 801-895-7016
jesse@murff-law.com

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH

| IN RE:<br><br>**Adam M. and Kimberly L. Raymond**<br><br><br>**Debtor(s)** | Case No. 18-28216<br><br>Chapter 13 Bankruptcy<br><br>Honorable Joel T. Marker |
|---|---|

## DEBTORS' MOTION TO VACATE DISMISSAL

Comes now Adam and Kimberly Raymond, the Debtors, by and through counsel, respectfully move the Court for an Order vacating the Order of Dismissal signed on April 29, 2019. In support thereof, the Debtors state the following:

1. The Debtors filed the above captioned case on November 1, 2018.

2. The Debtors Plan proposes $575.00 for 60 months, returning not less than $3,000.00 to non-priority, unsecured creditors.

3. As of the date of dismissal, the Debtors were in month 6 of their Plan, and current on Plan payments.

4. On April 16, 2019, the Court entered a docket entry pursuant to an Order continuing the Debtors' Confirmation Hearing, stating: *"IT IS FURTHER ORDERED* that, if the following conditions are not satisfied within the time limits set forth below, confirmation of the Debtor's plan may be denied and the case may be dismissed without further notice or hearing: On or before April 23, 2019, the Debtors shall provide to the Trustee's Office a copy of 2018 property tax assessment. On or before April 23, 2019, the Debtors shall file with the Court and provide the Trustee with a copy of amended form 22c addressing the Trustee's objections; object to or treat claim no. 14 by John Christiansen. As of April 26, 2019, the Debtors have not provided the 2018 property tax assessment, amended the Form 22c or addressed proof of claim 14."

5. On April 26, 2019, the Trustee filed a Declaration of Non-Compliance indicating that the above referenced items had not been addressed.

6. The Court signed an Order dismissing the Debtors' case on April 29, 2019.

7. As soon as Counsel and the Debtors discovered the error, they have sought to take action, and the Debtors throughout the Case have diligently made plan payments and sought to cooperate with their Counsel's office to resolve the Trustee's continuing objection.

8. In this case, the Debtors' counsel's office is in the process of training a new chapter 13 case manager, and the deadlines required by the Continuing Order were incorrectly entered into counsel's practice management software. This human error contributed to the Debtors' failure to address the aforementioned requirements.

9. Accordingly, the Debtors' counsel would not oppose an attorney fee reduction in this case, should the Court grant the Debtors' Motion.

10. Pursuant to Fed. R. Civ. P. 60(b) & Fed. R. Bankr. P. 9024 (Relief from Judgment or Order) There are six grounds on which the court may relieve a party from a final judgment, order, or proceeding:

    1. mistake, inadvertence, surprise, or excusable neglect;

    2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    3. fraud (whether previously called intrinsic or extrinsic),

    4. misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released or discharged;

    5. it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

    6. or any other reason that justifies relief.

11. The Debtors rely on 60(b)(1) and (6) to support their Motion.

12. The failure to meet the Court's deadlines pursuant to the Continuing Order stems from their Counsel's office and not the Debtors lack of diligence in prosecuting their Chapter 13 case. Rule 60(b)(1) may be applied in this respect, in addition to (b)(6).

13. In connection with this Motion, the Debtors' counsel's office have since addressed each of the required items under the Continuing Order, and the Debtors' believe that the case will be ready for confirmation at the next available confirmation hearing, should the Court vacate the dismissal.

14. It is in the best interest of creditors that the Debtors be afforded the opportunity to return any required amount in a chapter 13 and the Debtors remain ready, willing, and able to propose a feasible plan and make ongoing plan payments.

WHEREFORE, the Debtors respectfully move the Court for an Order Vacating the Dismissal signed on April 29, 2019, and directing the Clerk of the Court to reschedule the Debtors' continued confirmation hearing.

DATED this May 1, 2019

  /s/ Jesse P. Murff
Jesse P. Murff
Attorney for the Debtors